# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 24-279V

|  |  |
|---|---|
| NATALIE DIAZ, *on behalf of her minor child, A.D.*,<br><br>  Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>  Respondent. | Chief Special Master Corcoran<br><br>Filed: July 17, 2025 |

*John Beaulieu*, Siri & Glimstad, LLP, New York, NY, for Petitioner.

*Michael Bliley*, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION AWARDING DAMAGES[1]

On February 21, 2024, Natalie Diaz, on behalf of her minor child, A.D., filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that A.D. suffered Guillain-Barré Syndrome ("GBS") as a result of an influenza ("flu") vaccination received on December 12, 2022. Petition at ¶¶ 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On June 9, 2025, a ruling on entitlement was issued, finding Petitioner entitled to compensation for GBS. On July 16, 2025, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $160,000.00 for pain

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

and suffering (as the guardian/conservator of the estate of A.D., for the benefit of A.D.) and $9,553.25 for past unreimbursed expenses. Proffer at 1-2. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award the following compensation:**

   a. **A lump sum payment of $160,000.00, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement to Petitioner as guardian/conservator of the estate of A.D., for the benefit of A.D.**

   b. **A lump sum payment of $9,553.25, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement to Petitioner.**

This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| NATALIE DIAZ, on *behalf of her minor child A.D.*,<br><br>　　　　Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>　　　　Respondent. | No. 24-279V<br>Chief Special Master Corcoran<br>ECF |

### PROFFER ON AWARD OF COMPENSATION[1]

On February 21, 2024, Natalie Diaz ("petitioner"), as mother and natural guardian of her minor child, A.D., filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"). Petitioner alleged that following receipt of the influenza vaccine on December 12, 2022, A.D. sustained Guillain-Barre Syndrome ("GBS"), as defined in the Vaccine Injury Table ("Table"), within the timeframe identified in the Table. Petition at 1. On June 8, 2025, respondent filed his Vaccine Rule 4(c) report, concluding that petitioner has satisfied the requirements for compensation under the terms of the Act for a GBS Table injury. On June 9, 2025, Chief Special Master Corcoran issued a ruling on entitlement, finding petitioner entitled to compensation.

**I.　Items of Compensation**

　　A. Pain and Suffering

Based upon the evidence of record, respondent proffers that petitioner, for the benefit of

---

[1] This Proffer does not include attorneys' fees and costs, which the parties intend to address after the Damages Decision is issued.

1

A.D., should be awarded a lump sum of **$160,000.00** for pain and suffering.  *See* 42 U.S.C. §300aa-15(a)(4).  Petitioner agrees.

    B. Past Unreimbursable Expenses

Evidence supplied by petitioner documents that she incurred past unreimbursable expenses on behalf of A.D., related to A.D.'s vaccine injury.  Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of **$9,553.25**.  *See* 42 U.S.C. § 300aa-15(a)(1)(B).  Petitioner agrees.

These amounts represent all elements of compensation to which petitioner, on A.D.'s behalf, is entitled under 42 U.S.C. § 300aa-15(a).  Petitioner agrees.

## II. Form of the Award

The parties recommend that the compensation provided to petitioner on behalf of A.D. should be made through lump sum payments as described below, and request that the Chief Special Master's decision and the Court's judgment award the following:[2]

    A. A lump sum payment of **$160,000.00** paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to petitioner as guardian/conservator of the estate of A.D., for the benefit of A.D.[3]

---

[2] Should A.D. die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future medical expenses, lost future earnings, and future pain and suffering.

[3] Petitioner represents that petitioner presently is, or within 90 days of the date of judgment will become, duly authorized to serve as guardian/conservator of A.D.'s estate under the laws of the State of New Jersey.  Respondent will not make any payment until petitioner provides respondent with documentation establishing that she has been appointed as the guardian/conservator of A.D.'s estate.  If petitioner is not authorized by a court of competent jurisdiction to serve as guardian/conservator of the estate of A.D., any such payment shall be disbursed to the party or parties appointed by a court of competent jurisdiction to serve as guardian(s)/conservator(s) of the estate of A.D. upon submission of written documentation of such appointment to the Secretary.  Further, if guardianship is no longer required under the laws

    B.  A lump sum payment of **$9,553.25**, to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to petitioner.

**III.**   **Summary of Recommended Payments Following Judgment**

    A.  Lump sum to petitioner as guardian/conservator of the estate of A.D.: **$160,000.00**

    B.  Lump sum to petitioner: **$9,553.25**

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

C. SALVATORE D'ALESSIO
Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

GABRIELLE M. FIELDING
Assistant Director
Torts Branch, Civil Division

/s/ *Michael S. Bliey*
MICHAEL S. BLILEY
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146, Ben Franklin Station
Washington, DC 20044-0146
Tel: (202) 616-4357
Michael.Bliley@usdoj.gov

Date: July 16, 2025

---

of the state of New Jersey after A.D. has attained the age of majority, any such payment shall be paid to A.D. upon submission of written documentation of the termination of guardianship to the Secretary.